Robie. *v.* Smith.

## Toppan Robie *versus* Edward T. Smith.

A tenancy at will, or from year to year, is determined by the death of the tenant.

If one occupies a portion of the premises under a verbal agreement with the tenant at will, his right to occupy ceases at the death of the tenant at will, and he is not entitled to notice to quit before an entry into the premises by the owner.

Trespass *quare clausum.* With the general issue the defendant, by brief statement, alleged, that James H. Foster was, at the time of the supposed trespass, the owner of the premises, whose agent he was, and by whose direction he acted; and that if the plaintiff ever occupied the same, it was under an agreement to deliver up the same, whenever said Foster should require it; and that the plaintiff had been previously required to quit.

At the trial before Shepley J. it appeared that there was, and for more than thirty two-years had been, a brick block containing two dwellinghouses, one owned by the plaintiff, and the other by J. H. Foster, a brick wall extending from the front to the rear, in the centre of which was the dividing line between the parties. An addition had been built in the rear of this block, half on each lot; and in the rear of this addition, had been built another, thirty-two years ago, twenty feet by twelve, the ridge of its roof being on the line between the parties. When the last addition was built, William H. Foster, who had conveyed to J. H. Foster, Sept. 10, 1806, occupied the house so owned by the latter, and continued so to do until ·he died, three or four years before the trial. When they were about to build this last addition the plaintiff and William H.

Foster agreed, that the plaintiff should pay for the whole of the frame, and as a consideration for it, should have the privilege of finishing and using a bedroom in the roof of it. In other respects each built his share. The plaintiff finished off a bedroom in the roof, twelve feet by nine, half on each lot. "This bedroom the plaintiff had continued to occupy as his own during all the lifetime of William H. Foster, without any objection, and until the defendant, in April, 1841, by direction of James H. Foster, caused the roof of the addition on his half to be raised, and thus made room for bedrooms in his own half, and took one half the bedroom so used by the plaintiff, and placed a partition on the line of the lots." This was done with no more injury than was necessary to effect the object.

The Judge, for the purpose of having the damages assessed by the jury, if the plaintiff should be entitled to recover, instructed them, that on the facts the plaintiff might maintain the suit, and recover for the injury he had suffered by taking away half the bedroom. The verdict was for the plaintiff, and the damages were assessed at ten dollars. This verdict was to be set aside, and a nonsuit entered, if the plaintiff was not entitled to recover.

This case was continued at the April Term, 1842, to be argued in writing; but no arguments have come into the hands of the Reporter.

*Willis* and *Fessenden* and *E. Hayes* for the plaintiff.

*Fessenden* and *Deblois* for the defendant.

The opinion of the Court was drawn up by

TENNEY J. — This is an action of trespass *quare clausum fregit.* It appears, that the defendant acted as the servant and by the direction of James H. Foster, in entering the dwelling-house, alleged to be that of the plaintiff, and tearing down a partition in a bedroom therein.

The estate, which the defendant is charged in the writ with having unlawfully invaded, was that of James H. Foster. The

rights of the plaintiff, whatever they were, originated in an agreement between him and William H. Foster many years ago, when William was in the occupation of all which James claimed to own; and this occupation with the exception of the bedroom in question was continued by William till his death, in 1837. William held by no written agreement with the owner, and can therefore be regarded only as a tenant at will or from year to year; and this tenancy was determined by his death. The plaintiff could have no right superior to those of the one from whom he derived them, and so far as his occupation depended upon the agreement with William, the legal power to continue it ceased with his death.

The counsel for the plaintiff however contended, that he was the tenant at will of James, the owner; and that his claim in this action is founded upon that relation; that his continued occupation for thirty-two years, a part of which was after the decease of William, with whom the contract for the use of the bedroom was made, implies in law, that his occupation was by the assent of James, and that the contract is to be considered as made between the plaintiff and the owner, the latter having acted through his agent, William. They then insist that such a tenancy is not determined till after notice to quit; and that no such notice having been given in this case, the acts complained of are an injury to his rightful possession.

We have seen nothing from which such an implication as is contended for arises. The jury might or might not, so have found had the question been submitted to them. There is no evidence that James ever knew of the plaintiff's possession, and from the situation of the whole building and the manner in which it was occupied by the respective tenants, such knowledge cannot be presumed. From an agreement between a tenant at will and a stranger to the owner of the estate, is the assent of the latter, that such tenant shall occupy after the relation of landlord and tenant has ceased, legally inferible? No authorities are cited in favor of the doctrine contended for, and we see no sufficient reason for its maintenance.

All the plaintiff's rights arose under the agreement with the

tenant, and ended with the determination of his term, which was his life. No relation is shown to exist between the plaintiff and the owner after the tenant's death. The jury have found, that no injury was done, more than was necessary to effect the object of the owner, which was to make an alteration in his own part of the building, and this alteration it was his privilege to make. No legal occupation of the plaintiff was disturbed; and this action, which is for an injury to his possession, cannot be sustained.

*The verdict is to be set aside*
*and a nonsuit entered.*